(No. 12181.—Reversed and remanded.)

THE STATE PUBLIC UTILITIES COMMISSION ex rel. The Board of Trade of Chicago, Appellee, *vs.* THE CLEVE-LAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *et al.* Appellants.

*Opinion filed June 18, 1919.*

1. PUBLIC UTILITIES—*what must be shown before commission can establish a through route and joint rate.* Before the Public Utilities Commission is authorized to establish a through route and a joint rate for the shipment of freight, the proof should show, and the commission should find, that the public convenience and necessity demand such route and rate, either because the rate charged is unjust, unreasonable or excessive or because there is no satisfactory through route or joint rate in existence.

2. SAME—*when finding that rate is too high does not authorize establishing a through route and joint rate.* The convenience and necessity of the public are the controlling considerations in a hearing before the Public Utilities Commission, and the mere finding of the commission that freight rates are too high does not authorize it to establish a through route and joint rate, where it is not shown and found that public consideration demands such order. (*Public Utilities Com. v. Toledo, St. Louis and Western Railroad Co.* 286 Ill. 582, followed.)

CARTER, J., dissenting.

APPEAL from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding.

GEORGE B. GILLESPIE, (L. J. HACKNEY, F. L. LITTLE-TON, and C. P. STEWART, of counsel,) for appellants.

JEFFERY, CAMPBELL & CLARK, (JAMES CLARKE JEF-FERY, of counsel,) for appellee.

EDWARD J. BRUNDAGE, Attorney General, GEORGE T. BUCKINGHAM, WILLIAM E. TRAUTMANN, ALBERT D. RO-DENBERG, and MATTHEW MILLS, for the Public Utilities Commission.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This is an appeal from the circuit court of Sangamon county, prosecuted to review the judgment of that court confirming an order of the Public Utilities Commission.

On June 22, 1915, the board of trade of the city of Chicago filed a complaint with the Public Utilities Commission in which it charged that the rates of the Cleveland, Cincinnati, Chicago and St. Louis Railway Company (hereinafter called the Big Four) for the transportation of grain in carload lots to Chicago from stations located on its several lines in Illinois were unjust, unreasonable and excessive, and that, excepting from a limited number of stations on its Chicago division, said railroad company had no intrastate through routes between said points and Chicago and had no joint rates on grain and grain products from said Illinois points to Chicago. At the hearing before the commission this case was consolidated, by stipulation, with the case of Hurst Bros. & McNutt, Newlin Bros., against the Cleveland, Cincinnati, Chicago and St. Louis Railway Company, which complaint raised substantially the same issues. The commission heard evidence and entered an order that the Cleveland, Cincinnati, Chicago and St. Louis Railway Company, in connection with the Atchison, Topeka and Santa Fe Railroad Company, the Chicago and Alton Railroad Company, the Chicago and Eastern Illinois Railroad Company, the Chicago, Burlington and Quincy Railroad Company, the Chicago, Rock Island and Pacific Railway Company, the Illinois Central Railroad Company and the Wabash Railroad Company, establish and put into effect joint rates for all grain moving in car-load lots from certain points mentioned on the several divisions of the Big Four to the city of Chicago. As the basis of the order on which these rates were established the commission found "that the rates complained of are unjust and unreasonably high."

The Big Four has one division wholly and three others partly in the State of Illinois. Its Chicago division, including a branch known as the Kankakee and Seneca railroad and a contract arrangement by which it reaches Chicago over the Illinois Central railroad from Kankakee, extends from Seneca and Chicago through Kankakee and Sheldon, Illinois, to Indianapolis, Cincinnati and Louisville. Its Peoria and Eastern division stretches from Peoria, Illinois, across the State through Danville, Illinois, and then east to Indiana and Ohio points. Its St. Louis division runs from East St. Louis through Vermilion, Illinois, to Indiana, Ohio and Michigan points. Its Cairo division extends from Cairo, Illinois, to Danville, Illinois. Most of the time prior to 1909 the Big Four maintained intrastate through routes and joint rates on car-load shipments of grain to Chicago from stations on its Illinois lines. The joint rate for each 100 pounds to Chicago from stations on the Chicago division, Greenwich to Seneca, was five cents, on the Peoria and Eastern division, Beckwith to Peoria, seven cents, and on the St. Louis division, Vermilion to East St. Louis, eight cents. From time to time these intrastate through routes and joint rates were discontinued by the Big Four, so that none remained after 1909. At the time this complaint was filed the Big Four had in effect a rate of seven cents on grain in car-load lots to Chicago from stations on the Kankakee and Seneca railroad,—a part of its Chicago division. There were no other intrastate through routes between points on the Big Four and Chicago. From points on the Peoria and Eastern division there was a joint rate of ten cents, from points on the St. Louis division there was a joint rate of eleven cents, and from points on the Cairo division there was a joint rate of from ten to fourteen cents, all *via* Danville and the New York Central railroad to Chicago,—an interstate route. The intrastate joint rates proposed by the complainant and which were ordered by the commission are five cents from stations Greenwich

to Seneca, on the Chicago division, and seven cents from stations Beckwith to Leslie, on the Peoria and Eastern division, and seven cents from stations Vermilion to Mattoon, and eight cents from stations Gays to East Alton, on the St. Louis division, and rates ranging from seven cents to eleven and eight-tenths cents from different stations on the Cairo division to Chicago. The intrastate through routes established by the order of the commission are all two-road hauls.

It is contended by the appellants that the commission was without jurisdiction to make the order establishing through routes and joint rates, because there is no evidence in the record showing that the public convenience and necessity demand the establishing of such through routes and joint rates, and more especially because there is no finding by the commission in its order that public convenience and necessity demand the establishing of through routes and joint rates. Appellee insists that the finding of the commission in its order that the rates complained of are unjust and unreasonably high is sufficient to support the jurisdiction of the commission in entering said order, and that it is unnecessary to show that the public convenience and necessity require the establishment of said through routes and joint rates.

In *State Public Utilities Com.* v. *Toledo, St. Louis and Western Railroad Co.* 286 Ill. 582, we reviewed the authorities extensively, and there held that the proof should show, and that the commission should find, that the public convenience and necessity demanded, before the commission is authorized to establish, a through route and joint rate, either because the rate charged is unjust, unreasonable or excessive, or because there is no satisfactory through route or joint rate in existence. The convenience and necessity of the public are the controlling considerations in a hearing of this character, and the public to be considered is the producer of the grain and the consumer of it. A careful read-

ing of the case just cited, where the reasons for our conclusion are set forth, will show clearly that this order can not stand.

In this record there is no evidence to support the jurisdictional fact that public convenience and necessity demand the establishment of through routes and joint rates and there is no finding by the commission in its order that the public convenience and necessity demanded a through route and joint rate, and therefore the circuit court erred in confirming the order of the commission.

The judgment of the circuit court is reversed and the cause is remanded, with directions to set aside the order without prejudice to the power of the commission to entertain a new proceeding, either on complaint or on its own motion.    *Reversed and remanded, with directions.*

Mr. JUSTICE CARTER, dissenting.